**SECURITY FEDERAL SAVINGS AND LOAN ASSOCIATION OF ST. AUGUSTINE, a Federally chartered association, duly organized and existing under the laws of the United States, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 71-957.**

United States District Court, M. D. Florida, Jacksonville Division.

June 22, 1972.

William T. Rogers, and Thomas C. O'Bannon, Jacksonville, Fla., and Stephens, Stephens & Watson, St. Augustine, Fla., for plaintiff.

John L. Briggs, U. S. Atty., Jacksonville, Fla., and Rodger M. Moore, Atty., Tax. Div., Dept. of Justice, Washington, D. C., for defendant.

## FINAL JUDGMENT

WILLIAM A. McRAE, Jr., Chief Judge.

Plaintiff brings this suit for refund of federal income taxes and interest paid by taxpayer for the years 1965, 1966, and 1967. Upon examination of plaintiff's federal income tax returns, the Internal Revenue Service ruled that the accounting requirements of the Int.Rev. Code of 1954, § 593 and relevant Treasury Regulations had not been satisfied with respect to taxpayer's bad debt reserves and therefore the claimed deductions were disallowed.

Both parties moved for summary judgment having stipulated that there is no genuine factual dispute. The question of law before this Court is the propriety of the deduction for the addition to taxpayer's bad debt reserve as provided in the Int.Rev.Code of 1954, § 593. The critical inquiry is whether plaintiff's accounting practices with reference to its bad debt reserves conform to the letter and spirit of Treas.Reg. § 1.-593–7(A).

Pursuant to Treas.Reg. § 1.593–7(A) (i) and (ii), a taxpayer, who elects to utilize the reserve method of accounting for bad debts, must establish and maintain accounts either on its permanent regular books of account or on permanent subsidiary ledgers which are kept as a permanent part of its books. The taxpayer in the instant case maintained a single general account—No. 2722, entitled "Federal Insurance Reserve"—to which amounts claimed as deductions for addition to the bad debt reserve were credited. No separate subsidiary account was maintained. However, taxpayer did retain copies of its federal income tax returns as part of its regular books of account.

The discrepancy which gives rise to this lawsuit is between the amount shown in the attachment to the income tax returns and the amount shown in the Federal Insurance Reserve. The latter is greater than the former. This is because the Federal Insurance Reserve contained not only the amount permitted for income tax purposes, but an additional amount in order to comply with the requirements of the Federal Home Loan Bank. The fact that an additional amount of reserve was also carried in the Federal Insurance Reserve should not prejudice the taxpayer, since the amount allowed for income tax purposes was at all times within the reserve.

The Government argues that the statute, pertinent regulations thereunder, and applicable Internal Revenue Ruling require a reconciliation between the tax returns with attached schedules kept by taxpayer and its Federal Insurance Reserve. Plaintiff argues that there is only a requirement of reconciliation if it chooses to maintain a permanent subsidiary ledger.

This Court finds persuasive the recent Revenue Ruling 71–333, I.R.B.1971–30,30 on which taxpayer places its reliance. The facts in Rev.Rul. 71–333 involved a similarly situated taxpayer that satisfied the record keeping requirements of Treas.Reg. § 1.593–7 by attaching to its income tax return a schedule showing the opening balance in each of the three loss reserves along with additions and charges to these accounts during the year. The taxpayer's schedule reflected the amounts in each of the three loss reserve accounts along with the total reserve at the end of the year. The aggregate amounts shown on this schedule with respect to the three specific reserve accounts were equal to the amounts for these items in the general ledger.

Rev.Rul. 71–333, which discusses Treas.Reg. § 1.593–7(A), states that a periodic reconciliation is required of the taxpayer if it elects to maintain a permanent subsidiary ledger containing an account for each of the subsidiary reserves. The taxpayer involved in Rev. Rul. 71–333, like this plaintiff, elected not to employ this method of accounting. Hence, there is only the requirement that the records be sufficiently complete and accurate to be reconcilable. See Rev.Rul. 68–420, C.B.1968–2257.

Since the undisputed facts show that plaintiff did not maintain a permanent subsidiary ledger, the requirement of periodic reconciliation is inapplicable. Accordingly, under these circumstances, and since plaintiff did maintain sufficiently accurate income tax returns and schedules along with its permanent records, the record keeping requirement of Int.Rev.Code of 1954, § 593 is satisfied.

It is, therefore,

Ordered and adjudged:

1. Defendant's motion for summary judgment is denied.

2. Plaintiff's motion for summary judgment is granted, and judgment for plaintiff entered, hereby allowing the amounts of $42,161.18, $45,377.16, and $42,833.11 to be deducted for the years 1965, 1966, and 1967, respectively.